■ CELANESE COATINGS COMPANY, Respondent, v. ATHENS PAINTING AND SAND BLASTING CO., Appellant.— Order unanimously reversed, without

costs, and motion to open default judgment granted. Memorandum: The named defendant is the assumed business name of George Martakis, who purchased paint materials from Devoe and Raynolds Company, Inc. (hereinafter Devoe) of Louisville, Ky., apparently for use on his St. Lawrence Elementary School job, amounting to the sum of $1,570.81 in August, 1965. He resisted payment of the bill upon the basis of certain complaints which he made to Devoe with respect to said materials. In the spring of 1967 the plaintiff, Celanese Coatings Company, brought suit by unverified complaint against defendant, as a corporation, for said bill. The complaint contained no allegation of assignment of the bill by Devoe to the plaintiff and no allegation of a relationship between the plaintiff and Devoe; and none of the bills nor correspondence which defendant had received from Devoe showed any connection between the plaintiff and Devoe except that they each had offices in Louisville, Ky. Defendant took the summons and complaint to his then attorney, Fritzer, with instructions to answer with a general denial. Upon the argument hereof plaintiff's attorney admits that Fritzer contacted him on behalf of the defendant with respect to this action. Unbeknown to defendant, Fritzer failed to serve an answer; and in February, 1968 when the Sheriff sought to levy execution upon defendant's property, defendant learned that plaintiff had entered a default judgment against him in the action. He thereupon retained his present attorney and through him promptly moved to vacate the judgment. The order appealed from denied that motion. In support of his motion to vacate the judgment defendant asserted not only that he never had dealings with plaintiff and owed plaintiff nothing, but that he has a valid defense to the claim of Devoe against him. He did not specify in particular what his defense against Devoe's claim is, but he asserted that the defense arises out of three jobs for which Devoe furnished paint materials, namely, the Cortland job, the D'Jimas job, and the Brasher Falls job. Defendant did not give particulars as to the merits of his defense against Devoe, for he was simply denying that he was indebted to Celanese. Plaintiff gave defendant no explanation as to why it was suing him on this bill, and there is little in the record to support the assertion that plaintiff is the owner of the claim. Defendant made a bona fide attempt to appear and answer the complaint herein, and plaintiff knew that the defendant had seen an attorney with respect to this action. We hold that defendant is entitled to have the default opened, so that he can be protected against a subsequent claim by Devoe by having the identity of the plaintiff and Devoe, if it be such, established of record; and that defendant should have the opportunity to interpose his defense to the claim, and to take such other steps as he may be advised with respect to his defense and counterclaim in this matter. (Appeal from order of Onondaga Special Term, denying motion to vacate default judgment.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.